# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-678V

Filed: February 4, 2022

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| ELIZABETH TURNER, | * |
| | * UNPUBLISHED |
| Petitioner, | * |
| v. | * Decision on Joint Stipulation; |
| | * Shoulder Injury; Influenza ("Flu") |
| SECRETARY OF HEALTH | * Vaccine |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Amy Senerth, Esq.*, Muller Brail, LLP, Dresher, PA, for petitioner.
*Andrew Henning, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On May 23, 2017, Elizabeth Turner ["Ms. Turner" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she suffered from a shoulder injury after receiving an Influenza ("flu") vaccine on October 1, 2015. Stipulation, filed Feb. 4, 2022 at ¶¶ 1-4. Respondent denies that the immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On February 4, 2022, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent agrees to issue the following payment:

> **A lump sum of $25,000.00 in the form of a check payable to petitioner, Elizabeth Turner.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL
CLAIMS OFFICE OF SPECIAL MASTERS**

ELIZABETH TURNER,     )
           )
   Petitioner,    )
           )  **No. 17-678V (ECF)**
v.           )  Special Master Roth
           )
SECRETARY OF HEALTH   )
AND HUMAN SERVICES,    )
           )
   Respondent.   )

## <u>STIPULATION</u>

The parties hereby stipulate to the following matters:

 1. Elizabeth Turner, petitioner, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3(a).

 2. Petitioner received a flu vaccine on October 1, 2015.

 3. The vaccination was administered within the United States.

 4. Petitioner alleges that the flu vaccine caused her to develop a shoulder injury. She

further alleges that she experienced the residual effects of this condition for more than six

months.

 5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.

1

6.    Respondent denies that the vaccine caused petitioner's alleged shoulder injury, or
any other injury; and denies that her current condition is a sequela of a vaccine-related injury.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the
issues between them shall be settled and that a decision should be entered awarding the
compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent
with the terms of this Stipulation, and after petitioner has filed an election to receive
compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human
Services will issue the following vaccine compensation payment:

A lump sum of **$25,000.00** in the form of a check payable to petitioner. This
amount represents compensation for all damages that would be available under 42
U.S.C. § 300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and
after petitioner has filed both a proper and timely election to receive compensation pursuant to 42
U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before
the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this
petition.

10.    Petitioner and her attorney represent that compensation to be provided pursuant to
this Stipulation is not for any items or services for which the Program is not primarily liable
under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be
expected to be made under any State compensation programs, insurance policies, Federal or
State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.
§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and represent that

2

they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa- 15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 1, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about May 23, 2017, in the United States Court of Federal Claims as petition No. 17-678V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the flu vaccine caused petitioner's alleged shoulder injury or any other injury or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

4

Respectfully submitted.

PETITIONER:

LIZABETH TURNER

**ATTORNEY OF RECORD
FOR PETITIONER:**

AMY A. SENERTH
Attorney for Petitioner
MULLER BRAZIL, LLP
715 Twining Road
Suite 208
Dresher, PA 19025

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Dale Mishler, DHSc, MS, APRN, for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 01/25/2022

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Andrew J. Henning,
by Heather L. Pearlman
ANDREW J. HENNING
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4405
Email: andrew.j.henning@usdoj.gov

5