# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-678V

Filed: February 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ELIZABETH TURNER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Andrew Henning*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 23, 2017, Elizabeth Turner ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from a shoulder injury after receiving an influenza vaccination on October 1, 2015. *See* Petition (ECF No. 1). On February 4, 2022, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 67).

On August 5, 2022, petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 72). Petitioner requests total attorneys' fees and costs in the amount of $81,106.86, representing $45,400.10 in attorneys' fees and $35,706.76 in costs. Fees App. at

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

2. Pursuant to General Order No. 9, petitioner has indicated she has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent responded to the motion on August 8, 2022, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2 (ECF No. 72). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Amy Senerth: $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, and $350.00 per hour for work performed in 2022; for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019; and for Mr. Paul Brazil, $275.00 per hour for work performed in 2016 and $300.00 per hour for work performed in 2017. These rates are consistent with what counsel has previously been awarded for thier Vaccine Program work with the exception of Ms. Senerth's 2022 rate, which exceeds what she has previously been awarded. *See, e.g., Pierantoni v. Sec'y of Health & Human Servs.*, No. 19-1477V, 2023 WL 1100306, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2023) (Ms. Senerth billing at and being awarded $325.00 per hour for work performed in 2022). Applying this rate to Ms. Senerth's 2022 work in the instant case results in a reduction of $87.50.

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion

---

[3] The Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The undersigned has reviewed the submitted billing entries and finds that a small reduction must be made to account for administrative tasks such as paralegals filing documents and attorneys billing time to direct their filing. *See Guerrero v. Sec'y of Health & Human Servs.,* No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), *mot. for rev. den'd in relevant part and granted in non-relevant part*, 124 Fed. Cl. 153, 160 (2015), *app. dismissed,* No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned will reduce the final award of fees by $750.00 to account for these issues. Petitioner is therefore awarded final attorneys' fees of $44,562.60.

C.     **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $35,706.76 in costs for acquiring medical records, postage, and the Court's filing fee. Upon review, a reduction is necessary to the amount billed by Dr. Natanzi, ($34,400) due to several issues.

First, Dr. Natanzi's requested hourly rate ($500.00 per hour) exceeds what he has previously been awarded for work in the Vaccine Program. *See Macaluso v. Sec'y of Health & Human Servs.*, No. V, 2021 WL 1251105, at *2 (Fed. Cl. Spec. Mstr. Feb. 26, 2021) (awarding Dr. Natanzi $425.00 per hour for work performed prior to 2019 and $475.00 per hour for work thereafter). However, Dr. Natanzi's billing records do not indicate the date which he performed work on, leaving the undersigned to guess what year work was performed in. Given that Dr. Natanzi's first report was filed late in 2018 and his supplemental report was filed in 2019, the undersigned will credit 21.5 hours billed prior to 2019 and 22.5 hours billed thereafter.

Second, Dr. Natanzi billed $12,400.00 for "Whole day block off 10/20/21 - * without 48 hour cancellation". Fees App. at 32. This cost presumably is for time Dr. Natanzi would have spent participating in in the virtual entitlement hearing on October 20, 2021, had the parties not reached a settlement days before it was scheduled. However, this amount is unreasonable on its face because it represents 24.8 hours billed at $500.00 per hour, more hours than are in the single day and far more hours than Dr. Natanzi would have spent working on that day had the hearing not been cancelled. The undersigned issued the 15-week stipulation order on October 19, 2021, the day before the entitlement hearing was scheduled. The hearing was only scheduled to last one day, therefore the undersigned finds it reasonable to compensate Dr. Natanzi for 8 hours of time he would have spent at the entitlement hearing.

Accordingly, a reasonable amount for Dr. Natanzi's work in this case is $23,625.00, representing 21.5 hours reimbursed at $425.00 per hour and 30.5 hours reimbursed at $475.00 per

4

hour. The remainder of the requested costs are reasonable and shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs of $24,931.76.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $69,494.36, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Amy Senerth, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).